FILED
2005 Aug-03 AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carolyn Cotterman Johnson

## DEFENDANTS
Mamo Transportation, Inc.

(b) County of Residence of First Listed Plaintiff: Jefferson
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerry O. Lorant, 401 Office Park Drive, Birmingham, Alabama 35223
205-871-7551

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/02/2005
SIGNATURE OF ATTORNEY OF RECORD: *Jerry O. Lorant*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CAROLYN COTTERMAN JOHNSON, an individual | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.:<br>) |
| MAMO TRANSPORTATION, INC., a corporation | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Carolyn Cotterman Johnson, and asserts the following claims for relief against the Defendant, Mamo Transportation, Inc.

### Introduction

1. This is an action brought by the Plaintiff for actual and statutory damages, attorneys' fees and costs for Defendant's violations of Alabama State Law set forth herein.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. §1332 (diversity) and amount for diversity jurisdiction is in excess of $75,000. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### Parties

3. Plaintiff, Carolyn Cotterman Johnson, is a resident and citizen of the State of Alabama and is over the age of twenty-one (21) years.

4. Defendant, Mamo Transportation, Inc., a corporate entity, is a non-resident of the State of Alabama. Defendant's principal place of business is not in Alabama, but, upon information and belief, is in Indiana. Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama.

## **Factual Allegations**

5. Plaintiff purchased the motor home subject of this lawsuit in Tampa, Florida on or about July 24, 1998, and was the owner at all times relevant.

6. The motor home was financed by CIT Group/Sales Financing, Inc. (hereinafter referred to as "CIT") who is a Defendant in a lawsuit filed by this Plaintiff pending in this Court in case number 2:04-CV-01377-JHH. Said lawsuit is for matters, incidents and causes of action involving the same motor home. At all times relevant herein, Defendant was acting in concurrence, and jointly, with CIT to recover, repossess, and take possession of the said motor home which was the property of Plaintiff.

7. Plaintiff's former husband, Michael K. Cotterman, while undertaking responsibility of their financial matters, was so impacted by brain cancer, and not in complete control of his cognitive senses, as he was unaware that the payments on said indebtedness to CIT regarding said motor home which had been purchased in 1998, were behind, lacking or failing. Thus, the motor home became in default after many years of payments.

8. During this time, Plaintiff was looking after Michael Cotterman, a man that had just had tumors removed from his brain and had the terrible burden of that concern on her. Additionally, Plaintiff had permitted said Michael Cotterman, in all respects, to handle the financial matters of the family.

9. Thereafter an agreement was entered into by Plaintiff and CIT, the financiers of the motor home for delivery of the possession of the motor home.

10. The agreement was entered into that the motor home would be picked up in to-wit September 2003. Defendant was some time thereafter hired by CIT to pick up the motor home on the date agreed upon in September. Defendant did not

come at that time.

11. Defendant came out many weeks later, to-wit: October 2003. Plaintiff was not at home and working in Indiana when Defendant's agent went to Plaintiff's neighbors, and house, and discussed her personal and private affairs and financial condition. Defendant's agent also discussed, at length with divers persons, Plaintiffs private and personal affairs.

12. Defendant's employee told said neighbors he was there to repossess Plaintiff's motor home for nonpayment.

13. This action caused Plaintiff's neighbors great concern and to make telephone calls to Plaintiff and in particular one neighbor, Tina Linder. This created great disturbances in the Plaintiff's neighborhood prior to removing the motor home.

## COUNT ONE
## INVASION OF THE RIGHT OF PRIVACY

14. Plaintiff adopts the averments and allegations of paragraphs 1 through 13 hereinbefore as if fully set forth herein.

15. Defendant undertook a series of personal trespass to the home of Plaintiff constituting an invasion of privacy and an Invasion of the Right of Privacy of Plaintiff, as set out and described in the Common Law of the State of Alabama. Said personal trespass was made to harass, frighten, embarrass and/or humiliate the Plaintiff.

16. Said invasions of privacy were intentional, willful and malicious and violated Plaintiff's privacy. Plaintiff avers that the personal trespass was made by the named Defendant and an individual who help himself out to be an employee of, and acting on behalf of, the named Defendant and others, to-wit CIT, not a Defendant in this action.

17. Plaintiff repeatedly pleaded with Defendant and requested Defendant to leave the property of Plaintiff. Defendant refused to do so and created great emotional distress, physical illness and mental pain and anguish.

18. Defendant also made communications to Plaintiff's neighbors and friends which constitute an unwarranted, and/or the wrongful intrusion into Plaintiff's private activities, as well as intentional intrusion into the Plaintiff's solitude and seclusion.

19. As a proximate consequence of said invasion of the right of privacy, Defendant has caused Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

20. Defendant publicized Plaintiff's private affairs with which the public has no legitimate concern.

21. Defendant violated, by its activities, the privacy of Plaintiff.

22. Defendant disclosed Plaintiff's private affairs and the particulars concerning her motor home to Plaintiff's neighbors and friends. These actions were willful, grossly negligent, wanton and malicious. Plaintiff was damaged and injured personally, physically, emotionally and mentally.

23. Defendant disclosed all Plaintiff's private activities and private affairs to her neighbors and friends and further created and caused great humiliation and embarrassment.

## COUNT TWO
## INVASION OF PRIVACY BY DISCLOSING
## PERSONAL AND PRIVATE FINANCIAL AFFAIRS
## TO THIRD PARTIES

24. Plaintiff adopts the averments and allegations of paragraphs 1 through 23 hereinbefore as if fully set forth herein.

25. Defendant invaded Plaintiff's privacy by making known the Plaintiff's financial conditions to the Plaintiff's neighbors and various other third parties.

26. CIT secured Defendant to undertake the repossession of Plaintiff's motor home.

27. Said motor home was, at all times from purchase until prior to the repossession, parked at Plaintiff's home in her driveway.

28. Plaintiff made arrangements with CIT for the motor home to be picked up within a specific time frame she would be available during the month of September 2003. Defendant failed and did not appear during that time frame.

29. Thereafter, upon information and belief, Defendant sent their agent to Plaintiff's home to repossess her motor home. Defendant knew, or should have known, that Plaintiff was unavailable and out of town.

30. When Defendant's agent discovered Plaintiff was not at home, he went to Plaintiff's neighbors, repeatedly told said neighbors he was there to repossess Plaintiff's motor home. Said agent discussed Plaintiff's private affairs with various friends and neighbors of Plaintiff's.

31. Defendant's agent made derogatory, embarrassing and humiliating remarks about Plaintiff's indebtedness, her being behind on her payments and about Plaintiff's financial condition and affairs. These comments were made to Plaintiff's friends, neighbors and various third parties, including but not limited to Tina Linder and Mr. and Mrs. Wendell.

32. Defendant's agent even asked for help from said neighbors to procure the keys and the get the motor home started and continued to discuss Plaintiff's affairs and her indebtedness and to loiter in Plaintiff's neighborhood speaking to neighbors about Plaintiff until neighbors threatened to call police.

33. After one of Plaintiff's neighbors called her, Defendant's agent was told to get off the property and to not further discuss the personal facts about Plaintiff's indebtedness.

34. The activities of Defendant's agent created an unwarranted publicizing of Plaintiff's private affairs to members of the general public. The general public had no legitimate concern for this information. Thus, this violated Plaintiff's right of privacy as protected by the Common Laws of the State of Alabama and damaged, injured and harmed Plaintiff.

## COUNT THREE
## NEGLIGENT AND WANTON
## SUPERVISION, TRAINING AND MONITORING

35. Plaintiff adopts the averments and allegations of paragraphs 1 through 34 hereinbefore as if fully set forth herein.

36. As a proximate consequence of the invasion of the right of privacy as aforesaid, Defendant was negligent and wanton in the supervision, training and monitoring of personnel hired for the purpose of repossessing personal property from alleged debtors, consumers and members of the general public, of whom Plaintiff was one, said personnel having made the communications to Plaintiff.

## COUNT FOUR
## TRESPASS

37. Plaintiff adopts the averments and allegations of paragraphs 1 through 36 hereinbefore as if fully set forth herein.

38. Defendant's, and other entities, agent stayed on the premises and at the motor home after being told to leave the premises and refusing to do so.

39. Defendant trespassed on the motor home and the home place of the Plaintiff located at 320 Forrest Hills Lane, Alabaster, Alabama 35007.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands a judgment against Defendant for the following:

1. Actual damages for violations of the rights of the Alabama citizen, Plaintiff, under the stated Invasion of Privacy and as articulated in the several counts;
2. Compensatory and Punitive damages in the amount of $1 million on Plaintiff's claim for damages; and
3. Other such additional damages as a jury may award.

                     s/Jerry O. Lorant
                     Jerry O. Lorant
                     401 Office Park Drive
                     Birmingham, AL 35223
                     Phone: (205) 871-7551
                     Fax: (205) 871-8882
                     E-mail: charlie@lorantlaw.com
                     ASB-8235-N60J

### PLAINTIFF DEMANDS A TRIAL BY JURY

                     s/ Jerry O. Lorant
                     Attorney for Plaintiff

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**
Mamo Transportation, Inc.
1247 3rd Street
Osceola, IN 46561